# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                   Case Number    07-CR-00459 (02)

DRITAN DUKA A/K/A "TONY DUKA"

Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, DRITAN DUKA A/K/A "TONY DUKA", was represented by Michael N. Huff, Esq.

The defendant has been found not guilty on count(s) 2 and is discharged as to such count(s).

The defendant was found guilty on count(s) 1, 3, 5, 6 & 7 by a jury verdict on December 22, 2008 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
| --- | --- | --- | --- |
| 18:117 (18:1114) | Conspiracy to Murder members o the United States Military | From on or about January 3, 2006 to May 7, 2007 | 1 |
| 18:924(c)(1)(A) and 924(c)(1)(B)(ii) | Possession of Firearms to Further a Crime of Violence | From on or about March 15, 2007 to on or about May 7, 2007 | 3 |
| 18:922(o) | Possession of Machine Guns | On or about May 7, 2007 | 5 |
| 18:922(g)(5) | Possession of Firearm by an Illegal Alien | On or about May 7, 2007 | 6 |
| 18:922(g)(5) | Possession of Firearms by an Illegal Alien | From on or about January 31, 2007 to on or about February 1, 2007 | 7 |

As pronounced on April 28, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a total special assessment of $500.00, for count(s) 1, 3, 5, 6, 7, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 28th day of April, 2009.

08003

                                                          _____
                                                          ROBERT B. KUGLER
                                                          United States District Judge

Judgment – Page 3 of 6

Defendant: DRITAN DUKA A/K/A "TONY DUKA"
Case Number: 07-CR-00459 (02)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of life, on Count One, 120 months on Count Five, 120 months on Count Six, 120 months on Count Seven, all to run concurrent to each and a term of 360 months on Count Three, to be served consecutive to all other counts, to produce a total term of imprisonment of Life plus 360 months.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP).

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

Judgment – Page 4 of 6

Defendant: DRITAN DUKA A/K/A "TONY DUKA"
Case Number: 07-CR-00459 (02)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of Life, plus 5 years. This term consists of Lifetime supervision on Count One, a term of 5 years on Count Three, and terms of 3 years on each of Counts Five, Six, and Seven, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall cooperate with Immigration and Customs Enforcement to resolve any problems with his status in the United States. The defendant shall provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. If deported, the defendant shall not re-enter the United States without the written permission of the Attorney General. If the defendant re-enters the United States, he shall report in person to the nearest U.S. Probation Office within 48 hours.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Judgment – Page 5 of 6

Defendant: DRITAN DUKA A/K/A "TONY DUKA"
Case Number: 07-CR-00459 (02)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
Defendant                        Date

_____
U.S. Probation Officer/Designated Witness      Date

Judgment – Page 6 of 6

Defendant: DRITAN DUKA A/K/A "TONY DUKA"
Case Number: 07-CR-00459 (02)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the amount of $125,000.00. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to Department of the Army, Fort Dix Headquarters, 5417 Alabama Avenue, Fort Dix, NJ 08640-5000. The amount ordered represents the total amount due to the victim for this loss. The defendant's restitution obligation shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully satisfied this loss. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victim for this same loss:

| | |
|---|---|
| Mohamad Ibrahim Shnewer | Cr.No.:07-00459-001 |
| Eljvir Duka | Cr.No.:07-00459-003 |
| Shain Duka | Cr.No.:07-00459-004 |
| Serdar Tatar | Cr.No.:07-00459-005 |

The restitution is due immediately and shall be paid in monthly installments of no less than $500.00, to commence 30 days after the date of this judgment. If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.